# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| OSCAR GAMALIEL AVILEZ-ZAMORA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON ICE PROCESSING CENTER,<br><br>Respondent. | 5:26-cv-892 |

**ORDER**

Respondent filed a Motion to Dismiss, and the Magistrate Judge directed Petitioner Oscar Avilez-Zamora ("Avilez-Zamora") to show cause why the Court should not grant the Motion to Dismiss. Dkt. Nos. 6, 9. Avilez-Zamora has not responded to the Motion to Dismiss or the show cause Order, and the times to do so have expired. The Court **GRANTS as unopposed** Respondent's Motion to Dismiss, **DISMISSES without prejudice** Avilez-Zamora's 28 U.S.C. § 2241 Petition, dkt. no. 1, for failure to follow this Court's Order, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Avilez-Zamora leave to appeal *in forma pauperis*.

**BACKGROUND**

On August 10, 2026, Avilez-Zamora brought his 28 U.S.C. § 2241 Petition. Dkt. No. 1. After the Magistrate Judge directed response, Respondent filed this Motion to Dismiss. Dkt. Nos. 5,

6. When Avilez-Zamora failed to respond to the Motion to Dismiss within 14 days of service, dkt. no. 6 at 9, the Magistrate Judge ordered Avilez-Zamora to show cause why the Court should not grant the Motion to Dismiss as unopposed and dismiss Avilez-Zamora's Petition based on his failure to follow this Court's Orders and Local Rules. Dkt. No. 9. The Magistrate Judge informed Avilez-Zamora he could show cause by either responding to the Motion or by informing the Court he does not oppose the Motion. Avilez-Zamora's response was due on or before October 16, 2026. Id. Avilez-Zamora has not responded to the Motion to Dismiss or this Court's Order, and the times to do so have expired.

## DISCUSSION

The Court must now determine how to address Avilez-Zamora's failure to comply with this Court's Order. For the reasons set forth below, the Court **DISMISSES without prejudice** Avilez-Zamora's Petition and **DENIES** Avilez-Zamora leave to appeal *in forma pauperis*.

## I. Dismissal for Failure to Follow This Court's Order

A district court may dismiss a petitioner's claims for failure to prosecute based on Federal Rule of Civil Procedure 41(b) and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cnty.

---

[1] In Wabash, the Court held a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. However, in this case, Avilez-Zamora was forewarned of the consequences of failing to respond to Respondent's

Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit

---

Motion to Dismiss. Dkt. No. 9; see also LR Civ. 7(b) ("Failure to timely respond shall indicate no opposition to a motion.").

finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625-26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal *without* prejudice for failure to prosecute is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802-03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Brown, 205 F. App'x at 802-03 (upholding dismissal without prejudice for failure to prosecute, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Avilez-Zamora failed to follow this Court's Order, despite having ample opportunity to do so and being forewarned of the consequences of his failure to do so. Dkt. No. 9; LR Civ. 7(b).

Thus, the Court **GRANTS as unopposed** Respondent's Motion to Dismiss and **DISMISSES without prejudice** Avilez-Zamora's § 2241 Petition. Dkt. Nos. 1, 6.

## II. Leave to Appeal *in Forma Pauperis*

The Court also denies Avilez-Zamora leave to appeal *in forma pauperis*. Though Avilez-Zamora has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x

321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Avilez-Zamora's failure to follow this Court's Order or to respond to the Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court **DENIES** Avilez-Zamora *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS as unopposed** Respondent's Motion to Dismiss, **DISMISSES without prejudice** Avilez-Zamora's 28 U.S.C. § 2241 Petition for failure to follow the Court's Order, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Avilez-Zamora leave to appeal *in forma pauperis*.

**SO ORDERED**, this 16 day of October, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA